IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LINDA COLON, et al.            *
                               *
   Plaintiffs                  *
                               *   Civil No. 97-2281(SEC)
      v.                       *
                               *
AMERICAN AIRLINES, INC.        *
                               *
   Defendant                   *
**************************************

**ORDER**

Pending before the Court is plaintiffs' Motion Requesting Leave to Amend the Complaint (**Docket # 41**), which defendants vigorously oppose (**Docket # 82**). Defendant argues that an amendment at this late date would be untimely and prejudicial, in that it necessarily involves the reopening of additional discovery at an advanced stage of this proceedings. Furthermore, defendant avers that this request for leave to amend the complaint is in response to the filing of a motion for summary judgement. Because the Court agrees with defendant, plaintiffs' motion requesting leave to amend the complaint (**Docket # 41**) is **DENIED**.

American Airlines, Inc. filed a motion for summary judgment on September 9, 1998 (**Docket #30),** which was opposed by plaintiffs. In addition to being prejudicial because it would force the reopening of discovery at a very late stage in the proceedings, defendants argue that plaintiffs' attempt to amend at this late date is an improper ploy to defeat their Motion for Summary Judgment.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party, and leave shall be freely



AO 72A
(Rev.8/82)

**Civil No. 97-2281(SEC)** 2

given when justice so requires." Fed. R. Civ. P. 15(a). In this regard, the First Circuit has established that "[a]bsent factors such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, or 'futility of amendment,' the leave sought should be granted." Executive Leasing Corp. v. Banco Popular de Puerto Rico, 48 F.3d 66, 71 (1st Cir. 1995) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)), cert denied, 116 S.Ct. 171 (1995).

Notwithstanding the foregoing, the First Circuit has also established that "parties seeking the benefit of the rule's liberality have an obligation to exercise due diligence." Quaker State Oil Ref. Corp. v. Garrity Oil Co., Inc., 884 F.2d 1510, 1517 (1st Cir. 1989). Since plaintiffs filed their motion to amend the complaint after American Airlines moved for summary judgment, they must prove that the proposed amendments have substantial merit and are supported by substantial and convincing evidence. See Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994) (quoting Torres-Matos v. St. Laurence Garment Co., Inc., 901 F.2d 1144, 1146 (1st Cir. 1990)). Plaintiffs have failed to do so. In addition, the Court notes discovery should have already been completed in this case, and to reopen discovery at this very late stage in the proceedings would be prejudicial both to defendants as well as to the orderly administration of justice.

Under such circumstances, we believe that to allow plaintiffs to amend their complaint would unduly prejudice defendants. See Citizens to End Animal Suffering and Exploitation, Inc., v. New England Aquarium, 836 F. Supp. 45, 57 (D. Mass. 1993) ("as the defendants had filed and briefed their meritorious motions for summary judgment before the motion to amend was filed, it would be unfair to allow that motion and thus reward an evident effort to avoid an adverse ruling on the

**Civil No. 97-2281(SEC)**                                                                 3

request for summary judgment"). Plaintiffs' motion for leave to file an amended complaint (**Docket # 41**) is thus hereby **DENIED**.

        **SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of September, 1999.

        SALVADOR E. CASELLAS
        United States District Judge